UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Earnest C. WOODS, II,<br><br>                               Petitioner,<br><br>v.<br><br>Ron BROOMFIELD, et al.,<br><br>                               Respondents. | Case No.: 24-cv-0120-AGS-AHG<br><br>**ORDER:**<br>**(1) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF 2);**<br><br>**(2) DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE (ECF 1);**<br><br>**(3) DENYING AS MOOT ANCILLARY MOTIONS (ECF 3–7); AND**<br><br>**(4) DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Earnest Woods, II, is a state prisoner seeking a writ of habeas corpus challenging his 1987 conviction and sentence in San Diego County Superior Court case number CR 83908. (*See* ECF 1 at 1.) Woods has requested to proceed in forma pauperis, that is without paying the court's filing fee. (ECF 2). Woods also has filed a pile of other motions. (*See* ECF 3–7.) Since this case must be dismissed, though, each of those is moot.

## IN FORMA PAUPERIS

The statement of recent account activity accompanying Woods's motion to proceed in forma pauperis reflects a $2,316.13 balance in Woods's inmate trust account as of January 3, 2024. (ECF 2 at 5–9.) The filing fee associated with this type of action is $5.00. *See* 28 U.S.C. § 1914(a). Because it appears Woods can pay the requisite filing fee, the Court **DENIES** Woods's motion to proceed in forma pauperis.

Because this Court cannot proceed until Woods has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the case is subject to dismissal without prejudice.[1] *See* Rules Governing § 2254 Cases, Rule 3(a), 28 U.S.C. foll. § 2254.

## SECOND OR SUCCESSIVE PETITION BAR

Even if Woods had paid the fee, his habeas petition is barred as a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) (barring subsequent habeas petitions unless "the appropriate court of appeals" permits the petition after motion). Wood admits this is not his first federal habeas petition challenging his 1987 conviction and sentence. (*See* ECF 1, at 5.) On August 27, 1991, Woods filed a petition challenging this same conviction and sentence. (*See* ECF 1, So. Dist. Cal. Case No. 91cv1175 H (HRM)). On June 26, 1992, the Court denied that petition on the merits. (*See* ECF 12, So. Dist. Cal. Case No. 91cv1175 H (HRM)). On October 29, 1992, the Ninth Circuit denied Woods's request for a certificate of probable cause. (*See* ECF 17, So. Dist. Cal. Case No. 91cv1175 H (HRM) (copy of Ninth Circuit's order)). On May 20, 2004, the Ninth Circuit also denied Woods's application for authorization to file a second or successive 28 U.S.C. § 2254 petition with respect to that same conviction. (*See* ECF 19, So. Dist. Cal. Case No. 91cv1175 H (HRM) (copy of Ninth Circuit's order)); *see also* ECF 2 in *Woods v. Borg*, No. 04-71661 (9th Cir. 2004). The Court takes judicial notice of these prior filings and orders. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

---

[1] Woods asserts that officials refused to provide a certified copy of his trust-account statement or process his trust-account withdrawal form to facilitate payment of the filing fee. (*See, e.g.* ECF 2, at 1–2.) He asks the Court to direct the institution to comply with his requests. (*Id.*) Yet the attached documents reflect that Woods's trust withdrawal was not processed because it was incomplete. (*See id.* at 39.) At any rate, there are other reasons to dismiss Woods's petition here, so his filing-fee-related requests are moot.

Woods asserts that the instant petition should not be found either abusive or successive because of an intervening change in law, citing: (1) several recent California statutes; (2) federal case law and federal Constitutional provisions; and (3) purported newly discovered evidence, which might serve to satisfy an exception to the bar against second and successive petitions. (*See generally* ECF 1.)

But the fact remains that a habeas petition is "second or successive" when a petitioner challenges "the same custody imposed by the same judgment of a state court" as in a prior petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007). Thus, even were Woods able to demonstrate that the instant petition falls within the statutory provisions allowing him to file a second or successive habeas petition, *see* 28 U.S.C. § 2244(b)(2)(A)–(B), he must first present that argument and obtain authorization from the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Morales v. Sherman*, 949 F.3d 474, 476 (9th Cir. 2020) (per curiam) (recognizing that 28 U.S.C. § 2244(b)(3)(A) is "a provision that bars district courts from entertaining a second or successive petition unless its filing has first been authorized by the court of appeals"). Woods concedes he has not obtained permission from the Ninth Circuit. (*See* ECF 1, at 5.) Thus, to the extent Woods challenges his 1987 conviction and sentence, this Court may not consider the petition.[2]

---

[2] The Court takes judicial notice that Woods has on multiple prior occasions attempted to challenge this same 1987 conviction and sentence in petitions which were each dismissed as second or successive. (*See, e.g.,* ECF 7 in So. Dist. Cal. Case No. 21cv1391 JLS (DEB) (summary dismissal of successive petition); ECF 2 in So. Dist. Cal. Case No. 16cv1453 CAB (NLS) (same); ECF 8 in So. Dist. Cal. Case No. 15cv1772 WQH (NLS) (same); ECF 5 in So. Dist. Cal. Case No. 14cv0289 GPC (RBB) (same); ECF 4 in So. Dist. Cal. Case No. 12cv3088 AJB (NLS) (same); ECF 6 in So. Dist. Cal. Case No. 09cv1730 WQH (NLS) (same); ECF 40 in So. Dist. Cal. Case No. 04cv230 BEN (BLM) (order adopting report and recommendation and granting motion to dismiss petition as second or successive)); *see Wilson*, 631 F.2d at 119.

# CLAIM CHALLENGING ACTIONS OF PRISON OFFICIALS

In his petition, Woods also contends "California" has violated his First Amendment right against retaliation and his Fourteenth Amendment right to due process "by seizing money derived from his Veteran's benefits to pay court costs." (ECF 1, at 38.)

Yet this allegation doesn't affect the "fact or length of custody," so it falls under 42 U.S.C. § 1983 rather than habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."); *see also Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) ("[W]e hold that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983.") (quoting *Preiser*, 411 U.S. at 487; *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)).

Regardless, the proper venue for this claim is the Northern District of California. Woods is currently confined in and alleges the events occurred at San Quentin prison (*see* ECF 1, at 38–39; *see also* ECF 2, at 21–24), and Woods appealed this matter to Marin County (*see* ECF 1-2, at 4–5). All of those are within the Northern District. *See* 28 U.S.C. § 84(a). So, the proper venue for this claim is the Northern District. *See* 28 U.S.C. § 1391(b) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."). Since Woods included the same claim in his barred habeas petition, the Court will dismiss that claim without prejudice to being properly refiled as a civil-rights case in the proper venue. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought.").

# CERTIFICATE OF APPEALABILITY

A certificate of appealability is required to appeal "the final order in a habeas corpus proceeding," and is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A) & (c)(2). A petitioner makes a

substantial showing if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Woods's habeas petition, on its face, is successive without first receiving permission from the Ninth Circuit, and his only other claim is not cognizable on habeas review and filed in the wrong venue. These deficiencies are manifest, and Woods has not shown that this Court's ruling is "debatable" by "jurists of reason." *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2253(c); *Burton*, 549 U.S. at 153; *Preiser*, 411 U.S. at 499; *Nettles*, 830 F.3d at 931; *Slack*, 529 U.S. at 484. Thus, the Court will not issue a certificate of appealability.

## CONCLUSION

The Court **DENIES** Woods's motion for leave to proceed in forma pauperis and **DISMISSES** this action without prejudice. Woods is not precluded from filing a petition challenging his 1987 conviction and sentence, but he must first obtain the necessary order from the Ninth Circuit Court of Appeals. To the extent Woods wishes to pursue claims concerning the conditions of his confinement at San Quentin, he must file a new civil-rights action under 42 U.S.C. § 1983 in the Northern District of California.

Because this action is dismissed without prejudice, the Court **DENIES AS MOOT** Woods's other motions (ECF 3–7). The Clerk of Court is directed to send Woods a blank Ninth Circuit Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 together with a copy of this Order.

Dated:  January 25, 2024

Hon. Andrew G. Schopler
United States District Judge